**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

ABIRA MEDICAL LABORATORIES, LLC,                    CIVIL ACTION
d/b/a GENESIS DIAGNOSTICS

VERSUS

                                                                            24-1039-SDD-SDJ

HEALTHY BLUE

<u>**RULING**</u>

Before the Court is the Motion for Summary Judgment filed by Defendant, Healthy Blue.[1] No opposition has been filed. For the following reasons, the Motion will be granted.

**I.    BACKGROUND**

During the relevant time, Plaintiff, Abira Medical Laboratories, LLC, d/b/a Genesis Diagnostics ("Abira" or "Plaintiff"), was a provider of medical laboratory testing services.[2] Defendant, Healthy Blue, is a managed care organization that administers medical services to eligible Louisiana Medicaid managed care enrollees and dual Medicare/Medicaid enrollees.[3]

Abira filed this lawsuit alleging that Healthy Blue "refused to pay [Abira] for laboratory testing services rendered to multiple members/subscribers insured of" Healthy Blue.[4] Abira alleges that it is an "out-of-network provider."[5] Abira claims that requisitions for testing services submitted on behalf of Healthy Blue's enrollees conferred third-party beneficiary status on Abira, entitling Abira to demand payment from Healthy Blue for the

---

[1] Rec. Doc. 50.
[2] Rec. Doc. 1, ¶ 11.
[3] Rec. Doc. 50-2, ¶ 2. Due to the lack of response from Abira, the facts supported by citation in Healthy Blue's Statement of Undisputed Material Fact are deemed admitted. Middle District of Louisiana Local Rule 56(f).
[4] Rec. Doc. 1, ¶ 1.
[5] *Id.* at ¶ 6.

services it provided.[6] Aside from the alleged requisitions, Abira further claims that "the insurance contracts between [Healthy Blue] and its insureds/members/subscribers intended for Plaintiff, as a medical provider, to benefit, from [Healthy Blue's] compliance with prompt pay law and provisions, justly investigate and adjudicate claims submitted and ultimately pay the Plaintiff for the services rendered."[7] According to the Complaint, Healthy Blue has failed to pay for over $1 million worth of services.[8] Abira enumerates five causes of action: 1) "ERISA"; 2) "Breach of Third-Party Beneficiary Contract"; 3) "Breach of Third-Party Bad Faith Claims"; 4) "Quantum Meruit / Unjust Enrichment"; and 5) "Negligence."[9]

Healthy Blue previously moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[10] In short, it argued that most of the claims for which Abira demanded payment are covered by a contract between the parties which defeats Abira's claim for payment, and that the remaining claims not covered by the contract were subject to dismissal for various reasons. Because of Healthy Blue's reliance on materials outside the pleadings, the Court exercised its discretion under Rule 12(d) to convert the motion to dismiss into a motion for summary judgment.[11]

---

[6] *Id.* at ¶¶ 12, 13.
[7] *Id.* at ¶ 14.
[8] *Id.* at ¶¶ 1, 19.
[9] *Id.* at ¶¶ 20–63.
[10] Rec. Doc. 22.
[11] Rec. Doc. 44.

Healthy Blue filed a timely Motion for Summary Judgment[12] and Statement of Undisputed Material Facts[13] in accordance with the Court's Order. Abira has failed to file any response.[14]

## II.    LAW AND ANALYSIS

### A. Summary Judgment Standard

In reviewing a motion for summary judgment, the Court will grant the motion if (1) there is no genuine issue of material fact, and (2) the mover is entitled to judgment as a matter of law.[15] This determination is made "in the light most favorable to the opposing party."[16] "When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of a genuine issue of material fact with respect to those issues on which the movant bears the burden of proof at trial."[17] If the moving party satisfies its burden, "the non-movant must respond to the motion for summary judgment by setting forth particular facts indicating that there is a genuine issue for trial."[18] However, the non-moving party's burden "'is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'"[19]

Notably, "[a] genuine issue of material fact exists, 'if the evidence is such that a

---

[12] Rec. Doc. 50.

[13] Rec. Doc. 50-2.

[14] The Court denied Abira's second motion for an extension of time to file a response, ordering Abira to "file a Motion for Leave to file an opposition to the pending Motion for Summary Judgment showing good cause for the late filing." Rec. Doc. 58. Abira has filed no such motion for leave.

[15] FED. R. CIV. P. 56(a).

[16] *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970) (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); 6 V. MOORE, FEDERAL PRACTICE 56.15(3) (2d ed. 1966)).

[17] *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718 (5th Cir. 1995) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 333–34 (1986)).

[18] *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248–49 (1986)).

[19] *Willis v. Roche Biomedical Lab., Inc.,* 61 F.3d 313, 315 (5th Cir. 1995) (quoting *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994)).

reasonable jury could return a verdict for the nonmoving party.'"[20] All reasonable factual inferences are drawn in favor of the nonmoving party.[21] However, "[t]he Court has no duty to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim."[22] "Conclusory allegations unsupported by specific facts . . . will not prevent the award of summary judgment."[23]

### B.  Healthy Blue's Motion

#### 1.  The Participating Provider Agreement

Attached to Healthy Blue's Motion is a Participating Provider Agreement (the "Agreement") between Healthy Blue and Abira.[24] Abira entered into the Agreement in 2018, thereby becoming a participating provider in Healthy Blue's provider network and agreeing to provide covered services to Healthy Blue's enrollees.[25]

Abira attached to its Complaint a list of 921 claims that were allegedly improperly denied or underpaid by Healthy Blue.[26] Of those 921 claims, 634 of them list dates of service after the Agreement's effective date of September 21, 2018.[27] Under the terms of the Agreement, Abira agreed to accept "the reimbursement specifically set forth in Attachment A as payment in full" for services rendered to Healthy Blue's enrollees.[28]

---

[20] *Pylant v. Hartford Life and Accident Ins. Co.*, 497 F.3d 536, 538 (5th Cir. 2007) (quoting *Anderson*, 477 U.S. at 248)).
[21] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).
[22] *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010) (citing *Ragas v. Tenn. Gas Pipeline Co.,* 136 F.3d 455, 458 (5th Cir.1998)).
[23] *Nat'l Ass'n of Gov't Emps. v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 713 (5th Cir. 1994).
[24] Rec. Doc. 52-1.
[25] *Id.*; Rec. Doc. 50-2, ¶ 5.
[26] Rec. Doc. 1-1; Rec. Doc. 50-2, ¶ 9.
[27] Rec. Doc. 50-2, ¶ 15.
[28] *Id.* at ¶ 8.

The Agreement contradicts Abira's allegation that it is an "out-of-network provider." Healthy Blue argues that "[t]he only viable claim that Plaintiff could have asserted against Defendant for its 634 in-network claims is a breach of the Agreement for allegedly failing to reimburse Plaintiff the amounts it was entitled to pursuant to the Agreement. Nowhere does the Complaint make such an allegation."[29] Based on the terms of the Agreement, the Court agrees. Accordingly, the Court will grant the Motion with respect to Abira's claim for payment for services rendered after the effective date of the Agreement.

### 2. The Remaining Claims

287 of the 921 claims for which Abira demands payment are for dates of service prior to the effective date of the Agreement.[30] Healthy Blue argues that all of Abira's causes of action with respect to these claims should be dismissed.

### a. Count 1: ERISA

"Congress enacted the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, to provide federal standards for the establishment and maintenance of employee pension and benefit plans."[31] Section 502(a)(1)(B) of ERISA[32] allows a participant or beneficiary to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

According to Healthy Blue's Statement of Undisputed Material Facts, which are deemed admitted in the absence of opposition, Healthy Blue "does not issue, fund,

---

[29] Rec. Doc. 50-1, p. 11.
[30] Rec. Doc. 50-2, ¶ 15.
[31] *Musmeci v. Schwegmann Giant Super Markets*, 159 F. Supp.2d 329, 340 (E.D. La. 2001) (citing *Williams v. Wright*, 927 F.2d 1540, 1543 (11th Cir. 1991)).
[32] Codified at 29 U.S.C. § 1132(a).

underwrite, or administer employee health benefits plans, and does not issue, fund, underwrite, or administer commercial health insurance policies."[33] Because Abira has failed to demonstrate the presence of an ERISA-governed plan,[34] this claim will be dismissed.

### b. Count 2: Breach of Third-Party Beneficiary Contract

Abira alleges that contracts between Healthy Blue and its enrollees contained assignment-of-benefit language making Abira a third-party beneficiary. Under Louisiana law, a plaintiff may sue under an insurance policy only if he is a named insured, an additional named insured, or an intended third-party beneficiary.[35] According to Article 1978 of the Louisiana Civil Code, "[a] contracting party may stipulate a benefit for a third person called a third-party beneficiary." A contract for the benefit of a third person is known under Louisiana law as a stipulation *pour autrui.*[36] Third-party beneficiary status "is never presumed, and the party claiming the benefit bears the burden" of showing the existence of a stipulation *pour autrui.*[37] The Louisiana Supreme Court has outlined the following criteria for making such a showing: "1) the stipulation for a third party is manifestly clear; 2) there is certainty as to the benefit provided the third party; and 3) the benefit is not a mere incident of the contract between the promisor and the promisee."[38]

---

[33] Rec. Doc. 50-2, ¶ 4.

[34] *See Stoffels ex rel. SBC Tel. Concession Plan v. SBC Commc'ns, Inc.*, 677 F.3d 720, 725 (5th Cir. 2012) (quoting *Musmeci v. Schwegmann Giant Super Markets, Inc.*, 332 F.3d 339, 344 (5th Cir.2003) ("ERISA does not regulate all benefits paid by an employer but only those paid pursuant to an 'employee benefit plan.").

[35] *Williams v. Certain Underwriters at Lloyd's of London*, 398 F. App'x 44, 47 (5th Cir. 2010) (citing *Joseph v. Hosp. Serv. Dist. No. 2 of Par. of St. Mary*, 939 So.2d 1206, 1211 (La. 2006); La. Civ. Code art. 1978).

[36] *Williams*, 398 F. App'x at 47 (citing *Paul v. Louisiana State Employees' Grp. Ben. Program*, 1999-0897 (La. App. 1 Cir. 5/12/00), 762 So. 2d 136, 140).

[37] *Turner v. American Security Insurance Co.*, No. 2:21-CV-03773, 2022 WL 696907, at *2 (W.D. La. Mar. 8, 2022) (citing *Joseph*, 939 So. 2d at 1212).

[38] *Joseph*, 939 So. 2d at 1212.

Abira has submitted no evidence of any contract conferring third-party beneficiary status. This claim will be dismissed.

### c.  Count 3: Breach of Third-Party Bad Faith

Abira claims that Healthy Blue breached its "implied covenant of good faith and fair dealing" with respect to the alleged contracts which conferred third-party beneficiary status onto Abira.[39] Due to the lack of evidence of any such contracts, this claim will be dismissed.

### d.  Count 4: Quantum Meruit / Unjust Enrichment[40]

The Louisiana Supreme Court has articulated five elements necessary to support a claim for unjust enrichment: "1) an enrichment on the part of the defendant; 2) an impoverishment on the part of the plaintiff; 3) a causal relationship between the enrichment and the impoverishment; 4) an absence of justification or cause for the enrichment or impoverishment; and 5) no other remedy at law."[41]

Abira alleges that by performing services for Healthy Blue's enrollees for which Healthy Blue failed to pay, Abira "conferred a benefit upon [Healthy Blue's] subscribers and/or members by providing a medical service it was entitled to under [Healthy Blue's] plan document/insurance policy and, therefore, upon [Healthy Blue]."[42] In seeking summary judgment, Healthy Blue cites several cases supporting the proposition that the

---

[39] Rec. Doc. 1, ¶ 49.

[40] Louisiana courts have held that *quantum meruit* is not recognized as a substantive basis of recovery under Louisiana law, instead analyzing such claims under the theory of unjust enrichment. *E.g.*, *Mirus Lake Charles LLC v. J4 Dev. Inc.*, No. 2:24-CV-00125, 2025 WL 3784488, at *6 (W.D. La. Dec. 9, 2025), *report and recommendation adopted*, No. 2:24-CV-00125, 2026 WL 19377 (W.D. La. Jan. 2, 2026); *SMP Sales Mgmt., Inc. v. Fleet Credit Corp.*, 960 F.2d 557, 559–560 (5th Cir. 1992). *See also Morphy, Makofsky & Masson, Inc. v. Canal Place 2000*, 538 So. 2d 569, 574 (La. 1989) (explaining that under Louisiana law, *quantum meruit* should only be understood as a descriptive term of the "measure of compensation or price unstated in a contract," as opposed to a substantive cause of action).

[41] *Edwards v. Conforto*, 636 So. 2d 901, 907 (La. 1993), *on reh'g* (May 23, 1994).

[42] Rec. Doc. 1, ¶ 52.

provision of healthcare services to a participant of a healthcare insurance policy or plan does not confer a benefit on the insurer under a theory of unjust enrichment.[43] The Court agrees with Healthy Blue that the reasoning of these cases applies to Abira's allegations. In the absence of any opposition, the Court will dismiss the unjust enrichment claim for Abira's failure to demonstrate enrichment of Healthy Blue.

### e.  Count 5: Negligence

The elements of a Louisiana negligence claim are: (1) duty; (2) breach of duty; (3) cause-in-fact; (4) scope of duty; and (5) damages.[44]

As Healthy Blue argues, Abira's claims are governed by the Medicaid framework and, with respect to claims for services rendered after September 21, 2018, the parties' Agreement. Without more, the generalized allegations of negligence in the Complaint do not give rise to a genuine dispute of material fact. Accordingly, the negligence claims will be dismissed.

* * *

---

[43] Rec. Doc. 50-1, pp. 19–20 (citing *Electrostim Med. Servs. v. Health Care Serv. Corp.*, 962 F. Supp. 2d 887, 898 (S.D. Tex. 2013); *Encompass Off. Sols., Inc. v. Ingenix, Inc.*, 775 F. Supp. 2d 938, 966 (E.D. Tex. 2011); *MC1 Healthcare, Inc. v. United Health Grp., Inc.*, No. 3:17-CV-01909 (KAD), 2019 WL 2015949, at *10 (D. Conn. May 7, 2019); *Abira Med. Lab'ys, LLC v. Aetna, Inc.*, No. 3:24-CV-00931 (SVN), 2025 WL 448443, at *11 (D. Conn. Feb. 10, 2025); *Rowe Plastic Surgery of New Jersey, L.L.C. v. Aetna Life Ins. Co.*, No. 23-8083, 2024 WL 4315128, at *3–4 (2d Cir. Sept. 27, 2024)).
[44] *Gomez v. Galman*, 18 F.4th 769, 780 (5th Cir. 2021).

III.    **CONCLUSION**

For the reasons provided above, Defendant's Motion for Summary Judgment[45] is GRANTED. Plaintiff's claims are dismissed with prejudice. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this __8th__ day of _____May_____, 2026.

_____
**SHELLY D. DICK**
**CHIEF DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**

---

[45] Rec. Doc. 50.